IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

PHILLIP BARNETT, JR.                                                                                         PLAINTIFF
ADC #131238

v.                                       3:22-cv-00237-KGB-JJV

MORRIS, Lieutenant,
Independence County Jail, *et al.*                                                                      DEFENDANTS

## ORDER

Phillip Barnett, Jr. ("Plaintiff") is confined in the Independence County Detention Facility. He has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Docs. 1, 2.)

**I.      PROCEEDING *PRO SE***

Plaintiff is proceeding *pro se*, which means without the assistance of an attorney. The Court is sensitive to the fact that *pro se* litigants are not trained in the law and will give deference to them where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). For this reason, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. The Court will not consider claims stated in notices or other pleadings that fail to comply with the Federal Rules of Civil Procedure. **This means all allegations against all defendants must be included in one document that is labeled a complaint or amended complaint. Importantly, an amended complaint will replace the original complaint and render it without any legal effect.**

Plaintiff also must comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Local Rule 5.5(c)(2), which states:

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. **If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2) (emphasis added). And, Plaintiff should be aware of the three-strike rule, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## II.     FILING FEE

The total cost for filing a civil action in federal court is $402, which includes a $350 statutory fee and a $52 administrative fee. A prisoner who does not seek or is denied *in forma pauperis* status must pay the full $402 fee immediately. However, if *in forma pauperis* status is granted, the $52 administrative fee is waived, and the prisoner must pay the $350 statutory fee in monthly installments taken from his or her institutional account. 28 U.S.C. § 1915(b); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). If the prisoner has sufficient funds, an initial partial filing fee is collected as soon as *in forma pauperis* status is granted, and the remainder of the fee is collected monthly. 28 U.S.C. § 1915(b)(1). The Court makes these determinations based on the financial information provided in an Application to Proceed *In Forma Pauperis* ("IFP Application") and a Calculation of Initial Payment of Filing Fee Sheet ("Calculation Sheet").

Importantly, if the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full fee will be collected, and no portion will be refunded to the prisoner.

Plaintiff has filed a properly completed IFP Application. (Doc. 1 at 1-2.) However, he says Independence County jail employees are refusing to complete the Calculation Sheet, which seeks information about the average deposits and balances in his institutional account for the last six months. (Doc. 1 at 3-4.) The Court must have that information to determine whether Plaintiff is entitled to proceed *in forma pauperis* and, if so, the amount of his initial partial filing fee. 28 U.S.C. § 1915(b)(1). Accordingly, the Court will seek the Jail Administrator's assistance in having this form properly completed.

### III.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The Clerk shall mail a copy of this Order and a Calculation Sheet to the Jail Administrator, Independence County Detention Facility, 569 West Main Street, Batesville, AR 72501.

2. The Court requests the Jail Administrator, or designated staff, to complete the enclosed Calculation Sheet and return it to the Clerk **on or before October 17, 2022.**

DATED this 16th day of September 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE